Jony Iqbal KASIM, Petitioner,

v.

John ASHCROFT, Attorney
General, Respondent.

No. 03–71892.
Agency No. A73–986–812.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 13, 2004.*

Decided Sept. 23, 2004.

Ahmed M. Abdallah, Attorney at Law, Los Angeles, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, San Francisco, CA, Richard M. Evans, Patricia K. Buchanan, Washington, DC, for Respondent.

Before PREGERSON, T.G. NELSON and GRABER, Circuit Judges.

MEMORANDUM**

Jony Iqbal Kasim, a native and citizen of Bangladesh, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") denial of his application for asylum and withholding of deportation, for relief under the Convention Against Torture ("CAT"), and for voluntary departure. We have jurisdiction under 8 U.S.C. § 1105a(a). We review for substantial evidence an adverse credibility determination,

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir.2001), and we deny the petition.

Substantial evidence supports the BIA's adverse credibility finding. The BIA offered specific, cogent reasons for its findings based on inconsistencies between petitioner's testimony, declaration, and asylum interview going to the heart of his asylum claim, including his encounters with police, the level of harm suffered during attacks on his home, and his activities with the Jatiyo Party. *See id.* at 1043. Because petitioner failed to show that he was eligible for asylum, it follows that he did not satisfy the more stringent standard for withholding of deportation. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir. 2003).

In addition, substantial evidence also supports the denial of relief under CAT. *See id.* at 1157.

Finally, because the IJ and BIA, by adoption, recognized and exercised their discretion to deny voluntary departure, we lack jurisdiction to review that decision. *See Beltran–Tirado v. INS*, 213 F.3d 1179, 1182 (9th Cir.2000).

**PETITION DENIED.**