**NOT FOR PUBLICATION**

FILED

JUN 16 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JONY IQBAL KASIM, | No. 05-77174 |
| Petitioner, | Agency No. A073-986-812 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 11, 2010
Pasadena, California

Before: D.W. NELSON and GOULD, Circuit Judges, and GWIN, District Judge.[**]

Jony Iqbal Kasim, a native and citizen of Bangladesh, petitions for review of

the Board of Immigration Appeals' ("BIA") denial of his third motion to reopen

removal proceedings to permit him to seek asylum, withholding of removal, and

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable James S. Gwin, United States District Judge for the
Northern District of Ohio, sitting by designation.

protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252(a), and we deny the petition.

The BIA determined that Kasim's motion to reopen was number-barred and that he had not established eligibility for an exception.[1] *See* 8 C.F.R. § 1003.2(c)(2). To avoid the number bar, Kasim needed to establish changed country conditions in Bangladesh by presenting material evidence that was not available at the previous hearing and that, "when considered together with the evidence presented at the original hearing, would establish prima facie eligibility for the relief sought." *Toufighi v. Mukasey*, 538 F.3d 988, 996 (9th Cir. 2008).

The BIA did not abuse its discretion or violate due process when it denied Kasim's third motion to reopen on the grounds that this motion was number-barred. In Kasim's removal hearing, the Immigration Judge ("IJ") found not credible Kasim's testimony that he was persecuted in Bangladesh because of his affiliation with the Jatiya Party and his refusal to assassinate then–Prime Minister

---

[1] We are satisfied that the BIA's decision in this case, considered in light of the record which we have reviewed, meets the requirements of due process and provides us with an adequate basis to conduct meaningful appellate review. However, we caution the BIA that the failure to provide specific reasons why newly submitted evidence does not establish changed country conditions may, in an appropriate case, constitute reversible error.

Khaleda Zia.[2] Kasim relied on the same testimony in his third motion to reopen but gave no new and previously unavailable evidence to challenge the IJ's adverse credibility finding. The BIA was not required to accept as true Kasim's discredited testimony simply because he reasserted it in a motion to reopen. Without credible testimony, Kasim could not establish that his evidence of changed country conditions in Bangladesh was material to his asylum and withholding of removal claims, and, accordingly, he did not state a prima facie case for relief. *See id.* at 996–97. Moreover, even assuming the credibility of Kasim's prior testimony, Kasim's new evidence of political violence in Bangladesh lacked the individualized relevancy necessary to demonstrate that Kasim's situation was "'appreciably different from the dangers faced by [his] fellow citizens.'"[3] *Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (quoting *Singh v. INS*, 134 F.3d 962, 967 (9th Cir. 1998)). Similarly, Kasim's new evidence did not establish

---

[2] The IJ's adverse credibility finding was affirmed by the BIA and then later by our court in a memorandum disposition. *See Kasim v. Ashcroft*, 109 F. App'x 943 (9th Cir. 2004).

[3] Kasim argues in his reply brief that the suspension of his prior counsel from the practice of law harmed his ability to present evidence at his removal hearing, and that his good moral character justifies granting his motion to reopen. These issues, which do not address changed country conditions in Bangladesh, were raised for the first time in Kasim's reply brief and are deemed waived. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996).

a reasonable likelihood that changed country conditions put Kasim at a particularized risk of torture beyond the risks faced by all citizens of Bangladesh. *See Dhital v. Mukasey*, 532 F.3d 1044, 1051–52 (9th Cir. 2008) (per curiam).

    **PETITION DENIED.**